No. 11,350.

CLARENCE COCHRAN VS. MRS. AGNES COCHRAN, WIDOW OF FRANK K. MOORE.

The plaintiff claimed one-ninth in his grandfather's succession after having settled his interest in the property of his grandmother.

The title to the property was in the name of the grandmother, though it belonged to the community between the grandmother and grandfather. But it was inventoried as her property and in the compromise the whole of it was treated as property belonging to her succession.

Having compromised on the basis that the property belonged to her succession; the heir is without right to recover a second time part of the same property as coming to him from his grandfather's estate.

The defendant had made reasonable search for the lost document.

The foundation required had been laid. Secondary evidence to prove its contents was admissible.

APPEAL from the Civil District Court, Parish of Orleans.
   *King, J.*

*Gus A. Breaux* Attorney for Plaintiff and Appellant:

Secondary and parol evidence should not be admitted where an original act of compromise pleaded by a party is shown to have been in his possession, and its loss or absence is not fully accounted for. Baines vs. Higgins, 2 La. 222; Lockhart vs. Jones, 9 Rob. 386; Ticknor vs. Calhoun, 29 An. 278; C. C. 2279, 2280.

Where the contents of the original document are to be proved by parol, much stronger proof of the loss will be required. Lavergne vs. Elkins, 17 La. 220.

Transactions regulate only the differences which appear clearly to be comprehended in them. C. C., Art. 3073; Perret vs. Hill, 1 Rob. 310; Journal du Palais, Jur. Générale, verbo Transaction, Nos. 134, 135, 138; Duranton (Ed. Bruxelles, 1841), Liv. III, Tit. XV, Des Transactions, No. 416; Merlin, verbo Transaction, Sec. 4, II.

Forced heirs take by effect of law; their right of ownership can not be affected by will. C. C. 1493; 28 An. 198; 33 An. 4.

*Walter D. Denégre* Curator *ad hoc* for Defendant and Appellee:

The defence is payment; that Clarence Cochran has no further interest in the property, he having been settled with and paid in

full, not only for his interest in his grandfather's estate, but also for his entire interest in this specific piece of property, either as heir of his grandfather, Geo. W. Cochran, or as heir of his grandmother, Mrs. Martha A. Cochran.

———

The opinion of the court was delivered by

BREAUX, J. The plaintiff sues as an heir of his grandfather to recover an interest in property in defendant's possession.

He is one of three forced heirs of the succession.

The defendant and her sister were the other heirs.

The sister, Emma Cochran, died in 1889.

By last will and testament the defendant inherited all property left by the sister.

In 1878 plaintiff's grandmother, authorized by her husband, his grandfather, bought a lot and improvements in New Orleans.

On the face of the papers it was the property of the community existing at the time between plaintiff's grandfather and grandmother. The former died in 1884 and the latter in 1886.

The succession of the grandfather was opened in Kentucky and his will was propounded for probate in that State. He bequeathed his property to his wife. The mother of plaintiff, he being a minor at the time, represented by her, contested the application for probate.

The opposition was withdrawn on the execution of two notes of two hundred and fifty dollars each, by the legatees under the will (plaintiff's grandmother), in favor of plaintiff's guardian.

There was litigation in Kentucky to recover the payment of these notes.

Payment was refused on the ground that the guardian was without authority to represent her son, and that the notes were without consideration for the reason that the grandfather had, by will, disinherited plaintiff, his grandson, and that he was absolutely without interest to recover anything.

A judgment was pronounced decreeing that plaintiff was entitled to the sums represented by these notes.

We glean from the testimony that the withdrawal of the opposition to the probate of the will and the interest claimed for the opponent in the grandfather's estate were the moving causes of the compromise and the execution of the notes.

These notes were paid in execution of the judgment rendered.

The grandfather owned very little if any property other than community property in this State.

Pending the litigation on these notes the grandmother died, leaving her property to her daughters, and omitting as had the grandfather to mention the plaintiff, her grandson, as a legatee.

Her legatees offered her will for probate in this State, in which, as an absentee, she had immovable property.

The will was probated and the defendant and her sister, from whom she has since inherited, were recognized as heirs, and as such were placed in possession.

In the inventory the property is described and appraised as belonging to the succession of the grandmother. No reference whatever is made to the grandfather as part owner.

The plaintiff, availing himself of his forced heirship, contested defendant's rights to the entire property.

There was a compromise effected, under the terms of which he was promised the sum of three thousand dollars.

In order to enable the two heirs to raise the amount, they mortgaged the property of which plaintiff claimed to be part owner.

In all the proceedings in court, and in all transactions regarding the heirs and their interest, the succession is referred to as that of the grandmother alone.

But the property is described as a whole, and a value is placed upon it as belonging exclusively to her succession.

In other words, the compromise relates to plaintiff's estate *eo nomine*, but the description of the property includes the property of the grandfather.

Plaintiff's counsel, in support of the demand of his client, argues, substantially:

That the compromise did not contemplate including any of the rights of plaintiff, as forced heir, in the grandfather's succession, but that it was limited exclusively to the grandmother's property.

The defendant interposes the plea of payment, and pleads that plaintiff has no further interest in the property; that he has been settled with and paid in full, not only for his interest in the grandmother's estate, but also for his entire interest in the property, both as heir of his grandmother and as heir of his grandfather.

The judgment of the court *a qua* was in favor of the defendant. The plaintiff prosecutes this appeal.

## BILL OF EXCEPTIONS.

The original compromise agreement was forwarded to the heir now deceased.

It was lost, and in consequence the defendant offered to supply· the loss, and to that end produced a copy, substantially, of the *document* and offered verbal testimony.

The plaintiff objected, on the ground that the foundation had not been laid to admit secondary evidence of loss.

The testimomy was admitted over plaintiff's objection.

The issue presented in the bill of exceptions is the first which presents itself·for our determination.

The defendant deposed that her sister had sole charge, and acted in her own right and as her (defendant's) agent in making the compromise; that she never saw any of the papers; that she made thorough and diligent search in her sister's papers that came into her possession after her death, and searched in those places where there was any likelihood of finding them; that she had made every possible effort and inquired of those who might have seen them; all in vain.

There is no absolute rule upon the subject.

The required evidence to show the contents of an original paper will vary according to circumstances.

This defendant shows that she has exhausted her sources of information and the means of inquiry which suggested themselves.

Nothing creates the impression that the search has not been made in good faith. All that can be required, in the absence of the least cause of suspicion, is reasonable diligence to find the original.

In the case of Baines vs. Higgens, 2 L. 222, cited by plaintiff's counsel, the statement was made that the witness had seen the bill of sale among the papers of the deceased, and that some of the papers were lost.

The glaring defect was that the witness had never made search for the document, and did not establish a reasonable certainty of loss.

In another of the cited cases, Lockhart vs. Jones, 9 R. 386, affiant deposed that he had handed the letter to his attorney, and that since he had made search for it in his own office. Having

handed it to his counsel, an account of his search in his own office would not always make it evident that the writing is lost.

In Ticknor vs. Calhoun, 29 An. 278, the court held that the evidence did not establish the loss; the deposition of the attorney who testified about a transfer did not show that his client had exhausted all sources of information.

. We do not think that the case at bar would justify excluding the evidence that was admitted regarding the contents of the written compromise.

### ON THE MERITS.

The principle enunciated that compromises regulate only such matters as appear to be embraced in them by the intention of the parties, and that they should not be extended to other things, is plain and self-evident.

It remains for us to determine whether the facts of this case are within the application of the principle.

In the proceedings before the court having probate jurisdiction in Kentucky, the appearance of plaintiff's guardian was not limited to an opposition to the probate of the grandfather's will.

The interest of the plaintiff in the estate is referred to and does appear to have been overlooked when notes were executed in favor of the guardian. That interest is stated as being the consideration.

It is not established that the withdrawal of the opposition to the probating of the will was all that was required of the plaintiff in order that he might recover the amount promised.

If he had no right in the estate at all the withdrawal of the opposition was without any importance whatever and offered no consideration for executing two notes.

It is stated in positive terms in the pleadings that the notes were given in consideration of the interest of Clarence Cochran, plaintiff in this suit.

We do not think that it devolves upon us to decide that he was absolutely concluded by the proceedings before the court in Kentucky.

This was in 1884. His guardian had closely litigated the rights of her ward and had recovered payment of the notes.

She must have been advised of the extent of the interest of her son in the property in this State, and the son on reaching his majority in 1886 must have known that the property of which he claimed

a part was carried in the inventory of his grandmother's estate as belonging exclusively to that estate.

In all the calculations made with the view of agreeing upon an amount for his interest, the value of the whole property was the basis. After the amount had been agreed upon, the funds needful to pay the plaintiff were raised by placing a mortgage on the whole property to secure the loan that was applied to the payment of the plaintiff.

That method of obtaining the amount needed was generally discussed and the court has no reason to conclude that plaintiff's guardian and afterward the plaintiff himself were not fully informed upon the subject.

The act of compromise contains the declaration that upon payment of three thousand dollars, which were paid subsequently, the plaintiff obligated himself to execute a complete discharge of all rights and interest belonging to the succession of Mrs. Martha A. Cochran in Louisiana, particularly the property described and set forth in the inventory.

To illustrate:

A and B were the owners of property; the title was in the name of the former; but it was well known that the latter owned half.

After their death C and D, heirs, entered into a compromise and treated the property as belonging exclusively to A's succession, and then made a settlement entirely on that basis.

D, who received his share, determined by reference to the value of the whole property, has no right to claim an interest in B's half after having received his portion of the whole property.

The *res*, and not a mere name, enters into the consideration of the question involved.

The plaintiff has received his fractional interest in the thing, whether in the name of his paternal ancestor or in the name of his maternal ancestor; it does not alter the fact that he is paid in full.

The defendant, before this court, prays for damages for frivolous appeal. The issues are not frivolous, and not such as authorize us to grant damages.

The judgment is affirmed at plaintiff and appellant's costs.